The majority rejects this argument by stating that

[w]hen a series of nouns is separated by a comma and the last two elements of a series are the same entity (accomplice or co-conspirator), the sentence is properly understood to consist of a series of two nouns, not three. Thus, the sentence may be read to say, "the jury may find the accomplice guilty if it finds that the defendant *and* his accomplice (or your may think of him as a co-conspirator) acted with specific intent to kill and malice."

Majority op. at 1271.

Had the instruction been given as the majority rephrases it, I would wholeheartedly agree that it met the *Huffman* and *Bachert* rule. Yet, this is not the instruction that was given. Rather, it is a concoction derived from the majority's hopes that the jury was privy to the same book of grammar that it had at its disposal.

The plain words spoken by the trial court judge informed the jury that they could find the defendant guilty if the Commonwealth showed that the defendant, his accomplice *or* co-conspirator shot the victim with the specific intent to kill. In my opinion, this instruction informed the jury that it could find Appellant guilty of first degree murder even if only his accomplice or co-conspirator, rather than Appellant himself, had the specific intent to kill. Unlike the majority, I am unable to transmogrify this simple statement, which I believe clearly violates the *Huffman* and *Bachert* rule, into a wholly different instruction. As I believe that it would be unconscionable to allow Appellant's conviction to stand where the jury was erroneously instructed that the Commonwealth need not prove that *Appellant* actually harbored the specific intent to kill, I must respectfully dissent.

Justice ZAPPALA joins this dissenting opinion.

**Dom GIORDANO, Appellant,**

v.

**Tom RIDGE, Governor Commonwealth of Pennsylvania, Commonwealth of Pennsylvania and Mike Fisher, Attorney General Commonwealth of Pennsylvania, and City of Philadelphia and City of Pittsburgh, Appellees.**

Supreme Court of Pennsylvania.

June 20, 2000.

Reconsideration Denied Aug. 10, 2000.

### *ORDER*

PER CURIAM:

**AND NOW,** this 20th day of June, 2000, the order of the Commonwealth Court is hereby affirmed. *See Martin v. Philadelphia,* 420 Pa. 14, 215 A.2d 894 (1966).